It was correct, and the excluded evidence could not have changed it without illegally sacrificing the substantial merits of the case. In none of the grounds of the motion is there any cause for a new trial. It is needless to discuss them severally.    *Judgment affirmed.*

---

### GREER *v.* THE STATE.

#### VERDICT. EVIDENCE. PRACTICE.

1. The evidence warranted the verdict.
2. The newly discovered evidence was cumulative, and by due diligence could, in all probability, have been discovered before the trial. See *Roach* v. *State*, 63 *Ga.* 362.
3. The court did not abuse its discretion as to the length of time allowed for preparing to argue the motion for a new trial and bringing the same to a hearing. The time allowed was seven days, one of which was Sunday, and another Saturday of a term of court in which all the counsel were practitioners.    *Judgment affirmed.*

July 13, 1891.

From Butts superior court. August term, 1890. Before Judge BOYNTON.

ANDERSON, WRIGHT & BECK, for plaintiff in error.

E. WOMACK, solicitor-general, *contra.*

---

### STAFFORD *et al.*, adm'rs, *v.* THOMAS, adm'r.

The court construed the marriage settlement correctly.

July 13, 1891.

Estates. Marriage settlements. Before Judge BOYNTON. Pike superior court. October term, 1890.

Reported in the decision.

J. S. POPE and HALL & HAMMOND, for plaintiffs.

T. B. CABANISS, A. D. HAMMOND, J. F. REDDING and HARRISON & PEEPLES, for defendant.

LUMPKIN, Justice.

Alvis Stafford, in consideration of a marriage about